## CIRCUIT COURT OF FREDERICK COUNTY

John Dennison

v.

Frederick County

May 29, 1989

Case No. (Law) 88-32

By JUDGE ROBERT K. WOLTZ

The question for decision is whether the appellant need present more than a scintilla of evidence in his appeal to this court from a county administrative decision that his personnel complaint was not grievable. Unless his complaint is grievable, he is not entitled to a hearing on it before an impartial panel. The matter arises under the *Administrative Manual of the County of Frederick*, Sect. XII, containing a grievance procedure for county employees adopted as required by Code § 15.1-7.1 which section further provides that "[S]uch grievance procedure shall conform to like procedures established pursuant to § 2.1-114.5:1" of the Virginia Personnel Act.

The appellant maintains that he need show only a scintilla of evidence in order to establish that his complaint is grievable so as to afford him the right to a panel hearing as the last step in the grievance procedure. The county maintains that he must show a probability of grievability before he is entitled to a panel hearing. It is my opinion that the probability standard rather than the scintilla standard applies.

The particular dispute is whether the resignation of the employee from county service was voluntary or involuntary. The definition of a grievance as contained in § 12.1(A)(i) of the manual includes "dismissals (whether resulting from formal discipline or unsatisfactory job

performance or an involuntary resignation)." Section 12.2 of the manual covers resolution of any question concerning the grievability of a complaint and provides:

> In any case, no complaint may be addressed beyond the County Administrator level before grievability has been determined. Only after grievability has been determined shall a grievance be processed through the grievance panel stage. Decisions of the County Administrator may be appealed to the circuit court for a hearing *de novo* on the issue of grievability as provided for in Virginia Code, § 2.1-114.5:1(E). The decision of the court is final and not appealable.

The County Administrator was directly involved in matters leading to the complaint and administrative determination of grievability was heard by another officer. No issue is raised concerning this procedure.

Scintilla is defined as "[A] minute amount; trace;" from the Latin meaning a spark. The American Heritage Dictionary of the English Language (1969). Scintilla of evidence is "[A] spark, glimmer, or faint show of evidence. A metaphorical expression to describe a very insignificant or trifling ' item or particle of evidence; used in the statement of the common-law rule that if there is any evidence at all in a case, even a mere *scintilla*, tending to support a material issue, the case cannot be taken from the jury but must be left to their decision. Black's Law Dictionary (3d ed. 1933).

Typically, the scintilla doctrine is applicable to jury trials. It governs the internal proceedings of the trial itself and relates to the standard of proof which must be attained by the plaintiff's evidence before the jury trial will proceed with introduction of the defendant's evidence so that the whole evidence may be submitted to the jury for decision of the issue. That a mere scintilla of evidence is not enough to take the case to the jury is the holding of most cases. 75 Am. Jur. 2d, *Trial*, § 330. The scintilla doctrine is now "very generally rejected or abandoned in most jurisdictions," *Id.*, § 490; it "has met with little favor and is now very generally repudiated even by courts that formerly adopted

and applied it." *Id.*, § 341. It does not apply in Virginia as "[a] 'mere scintilla' of evidence is not enough, of course." Friend, Law of Evidence in Virginia (3d ed. 1988).

In any event there is a lack of analogy between a trial by jury and the present proceeding. First, this is essentially an administrative step but in a judicial forum with all the characteristics judicial implies. Second, this is not one for determining whether the plaintiff has introduced sufficient evidence to require the defendant to produce evidence but rather one to hear and consider all the evidence. Third, an unresolved question of grievability having arisen, this is a self-contained hearing for resolution of that issue only as a procedural step to determine the issue of entitlement to a grievance panel hearing vel non. The two hearings, this and the panel hearing, are compartmentalized and independent of one another except to the extent that this procedural one is a necessary prelude to the eventuality that the later substantive hearing may occur. To combine this prerequisite procedural step and the ultimate substantive step, thereby equating them to a jury trial, would be anomalous.

Any coordinate doctrine of scintilla of evidence has no place in administrative law, at least in judicial review of administrative actions. A mere scintilla or mere creation of "a suspicion of the existence of the fact to be established" is not enough for a court to sustain the findings of an administrative body on judicial review; substantial evidence is required. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 95 L. Ed. 456, 462 (1951). Otherwise, a court might find itself "merely the judicial echo" of administrative bodies. *Id.* at 469. This principle finds statutory embodiment in Virginia in the Administrative Process Act at Code § 9-6.14:17, explicated in *State Board of Health v. Godfrey*, 223 Va. 423 (1982), and *Virginia Real Estate Commission v. Bias*, 226 Va. 264, 269 (1983).

The proceeding here, however, is not merely a review of the hearing officer's determination but one *de novo*. Section 2.1-114.5:1(E). If a scintilla is insufficient on judicial review to sustain the finding of an administrative body, *a fortiori* a scintilla is insufficient to support a judicial determination on appeal *de novo* from an administrative finding.

An additional reason for rejecting the scintilla theory in this case is one present in most, if not all, administrative procedures. Of necessity, the wheels of government must turn, but also of necessity, they must be impeded to a degree by conformance to constitutional, statutory, and regulatory mandates. They should not be impeded further by clogging the gears which actuate them by elaborate determinations of disputes founded on matters so insubstantial as *scintillae.*

The county in its brief cites several circuit court opinions on the determination of grievability of complaints. One involved an involuntary resignation but did not discuss the burden of proof. Three involved complaints of arbitrary and capricious performance evaluations, one involving promotional procedures and one termination of employment. In all five of these latter cases, the burden of proof was placed on the employee to establish by the evidence a probability that the complaint was grievable. Following that weight of authority, this court is of opinion that a scintilla of evidence is insufficient to establish a complaint as grievable and that the evidence must establish a probability of grievability before a grievance panel to hear the complaint will be ordered.

The applicable standard of proof having now been decided, at pre-trial [a] decision was made that next under that standard, counsel would submit memoranda containing specific citation to transcript, statute and ordinance, and reference to exhibits in the record supporting their respective positions, following which the court would then decide whether the record was sufficient to reach decision or whether supplemental evidence was called for before the ultimate decision on the issue of grievability.